435 F.Supp. 997 (1977)
The BANK OF NEW ORLEANS AND TRUST COMPANY
v.
BIG B TOWBOAT SERVICES, INCORPORATED, et al.
Civ. A. No. 77-105-C(1).
United States District Court, E. D. Missouri, E. D.
April 29, 1977.
Michael D. O'Keefe, Thompson & Mitchell, St. Louis, Mo., for The Bank of New Orleans & Trust Co.
Banker Phares, Phares, Phares & Bass, Port Arthur, Tex., for Marine Fueling Service Inc.
James W. Herron, Lewis, Rice, Tucker, Allen & Chubb, St. Louis, Mo., G. Byron Sims, Brown, Teed, Sims, Ayre, Glassman & *998 Luther, Houston, Tex., for B-421 Inc. and Hollywood Marine Inc.
John E. Galloway, McGlinchey, Stafford, Mintz & Hoffman, New Orleans, La., for Blue Ridge Ins. Co.
A. Clay Rankin, II, J. Hodge Alves, III, Hand, Arendall, Bedsole, Greaves & Johnston, Mobile, Ala., for State of Alabama.
James E. McDaniel and Walter F. Timm, Barnard & Baer, St. Louis, Mo., for State of Alabama, Birney A. Rousselle, dba Marine Fueling Service Inc., Algiers Iron Works, etc.
A. Gordon Grant, Jr., Montgomery, Barnett, Brown & Read, New Orleans, La., for Birney A. Rousselle, d/b/a/ etc.
Charles Hanemann, Houma, La., for Big B Towboat Services, Inc.
Wray & Robinson, Baton Rouge, La., and Frank E. Strzelec, Kortenhof & Ely, St. Louis, Mo., for Cummins Sales & Service.
Joel J. Henderson, Swank, Lane & Associates, Greenville, Miss., and Samuel B. Murphy, Jr., St. Louis, Mo., for Specialized & Marine Credit.
John B. Carothers, III, Thompson, Walther, Shewmaker & Gaebe, St. Louis, Mo., for Vince Guzzetta, d/b/a and for Stapp Bros. Towing, Inc.
Wayne Anderson, Hinds & Meyer, Houston, Tex., for Hunter Flores, Inc.
James D. Edgar, Webster Groves, Mo., for Allied Chemical Corp.

FINDINGS OF FACT AND CONCLUSIONS OF LAW
MEREDITH, Chief Judge.
This action, having been heard by the Court this day upon the motion of the plaintiff for default judgment and plaintiff appearing by its attorney and no person having appeared to claim the defendant vessel or any interest therein, the Court having considered the evidence and exhibits submitted by the plaintiff, and being fully advised in the premises, does now make the following Findings of Fact:
1. Plaintiff, The Bank of New Orleans and Trust Company, is a Louisiana banking institution incorporated and existing under the laws of the State of Louisiana and now is and was at all times herein mentioned a citizen of the United States of America.
2. The defendant, the M/V BAYOU LAFOURCHE, her engines, boilers, tackle, apparel, furniture, equipment, et cetera, is an oil screw vessel of the United States, registered at the Port of Houma, Louisiana, Official No. 542365, and is a diesel river towboat of all steel welded construction. The defendant, the M/V BAYOU LAFOURCHE, was seized on behalf of the above-named plaintiff by the United States Marshal for the Eastern District of Missouri on February 1, 1977, and is presently being detained at St. Louis, Missouri, in the custody of the Majestic Building and Supply Company, Inc., a corporation, which was appointed as official custodian of the vessel by order of this Court, dated February 1, 1977.
The defendant, Big B Towboat Service, Incorporated, is a corporation duly organized and existing pursuant to the laws of the State of Louisiana and is the owner of the defendant vessel, the M/V BAYOU LAFOURCHE.
3. The defendant, the M/V BAYOU ST. JOHN, her engines, boilers, tackle, apparel, furniture, equipment, et cetera, is an oil screw vessel of the United States, registered at the Port of New Orleans, Louisiana, Official No. 548493, and is a diesel river towboat of all steel welded construction. The defendant, the M/V BAYOU ST. JOHN, was seized on behalf of the above-named plaintiff by the United States Marshal for the Eastern District of Missouri on February 1, 1977, and is presently being detained at St. Louis, Missouri, in the custody of the Majestic Building and Supply Company, Inc., a corporation, which was appointed as official custodian of the vessel by order of this Court, dated February 1, 1977.
The defendant, Bayou St. John Corporation, is a corporation duly organized and existing pursuant to the laws of the State of Louisiana and is the owner of the defendant *999 vessel, the M/V BAYOU ST. JOHN.
4. The defendant, the M/V BAYOU TERREBONNE, her engines, boilers, tackle, apparel, furniture, equipment, et cetera, is an oil screw vessel of the United States, registered at the Port of New Orleans, Louisiana, Official No. 537286, and is a diesel river towboat of all steel welded construction. The defendant, the M/V BAYOU TERREBONNE, was seized on behalf of the above-named plaintiff by the United States Marshal for the Eastern District of Missouri on February 1, 1977, and is presently being detained at St. Louis, Missouri, in the custody of the Majestic Building and Supply Company, Inc., a corporation, which was appointed as official custodian of the vessel by order of this Court, dated February 1, 1977.
The defendant, Bayou Terrebonne, Inc., is a corporation duly organized and existing pursuant to the laws of the State of Louisiana and is the owner of the defendant vessel, the M/V BAYOU TERREBONNE.
5. The defendant, the M/V BAYOU CHENE, her engines, boilers, tackle, apparel, furniture, equipment, et cetera, is an oil screw vessel of the United States, registered at the Port of New Orleans, Louisiana, Official No. 554701, and is a diesel river towboat of all steel welded construction. The defendant, the M/V BAYOU CHENE, was seized on behalf of the above-named plaintiff by the United States Marshal for the Eastern District of Missouri on February 1, 1977, and is presently being detained at St. Louis, Missouri, in the custody of the Majestic Building and Supply Company, Inc., a corporation, which was appointed as official custodian of the vessel by order of this Court, dated February 1, 1977.
The defendant, Bayou Chene Corporation, is a corporation duly organized and existing pursuant to the laws of the State of Louisiana and is the owner of the defendant vessel, the M/V BAYOU CHENE.
6. That on or about February 19, 1974, the defendants, Big B Towboat Service, Incorporated, Bayou St. John Corporation, Bayou Terrebonne, Inc., and the Bayou Chene Corporation, executed and delivered to plaintiff a promissory note whereby defendants promised to pay to the holder of said note on order the sum of $1,012,689.50 with interest thereon as provided in said note. Said note is now in default in the amount of $744,991.63 and said sum is now due and owing with interest continuing to accrue. Plaintiff is the holder of said note.
7. To secure the payment of said note, the defendant, Big B Towboat Service, Incorporated, delivered to the plaintiff, The Bank of New Orleans and Trust Company, a preferred ship's mortgage upon the said defendant vessel, the M/V BAYOU LAFOURCHE, dated February 19, 1974. At the time said preferred ship's mortgage was executed, the said defendant vessel was and still is a documented vessel under the laws of the United States.
The said preferred ship's mortgage was duly recorded at the home port of said vessel in the Office of Documentation, Department of Transportation, United States Coast Guard, at the Port of Houma, Louisiana, on February 25, 1974, in accordance with the Preferred Ship's Mortgage Act of 1920 and all of the acts and things required to be done by said Act in order to give said mortgage the status of a preferred mortgage were duly done or caused to be done by plaintiff, The Bank of New Orleans and Trust Company, or by the Documentation Officer of the United States Coast Guard at the Port of Houma, Louisiana, including the endorsement of said mortgage upon the outstanding document of said vessel.
8. To secure the payment of said note, the defendant, Bayou St. John Corporation, delivered to the plaintiff, The Bank of New Orleans and Trust Company, a preferred ship's mortgage upon the said defendant vessel, the M/V BAYOU ST. JOHN, dated February 19, 1974. At the time said preferred ship's mortgage was executed, the said defendant vessel was and still is a documented vessel under the laws of the United States.
*1000 The said preferred ship's mortgage was duly recorded at the home port of said vessel in the Office of Documentation, Department of Transportation, United States Coast Guard, at the Port of New Orleans, Louisiana, on February 20, 1974, in accordance with the Preferred Ship's Mortgage Act of 1920 and all of the acts and things required to be done by said Act in order to give said mortgage the status of a preferred mortgage were duly done or caused to be done by plaintiff, The Bank of New Orleans and Trust Company, or by the Documentation Officer of the United States Coast Guard at the Port of New Orleans, Louisiana, including the endorsement of said mortgage upon the outstanding document of said vessel.
9. To secure the payment of said note, the defendant, Bayou Terrebonne, Inc., delivered to the plaintiff, The Bank of New Orleans and Trust Company, a preferred ship's mortgage upon the said defendant vessel, the M/V BAYOU TERREBONNE, dated February 19, 1977. At the time said preferred ship's mortgage was executed, the said defendant vessel was and still is a documented vessel under the laws of the United States.
The said preferred ship's mortgage was duly recorded at the home port of said vessel in the Office of Documentation, Department of Transportation, United States Coast Guard, at the Port of New Orleans, Louisiana, on February 20, 1974, in accordance with the Preferred Ship's Mortgage Act of 1920 and all of the acts and things required to be done by said Act in order to give said mortgage the status of a preferred mortgage were duly done or caused to be done by plaintiff, The Bank of New Orleans and Trust Company, or by the Documentation Officer of the United States Coast Guard at the Port of New Orleans, Louisiana, including the endorsement of said mortgage upon the outstanding document of said vessel.
10. To secure the payment of said note, the defendant, Bayou Chene Corporation, delivered to the plaintiff, The Bank of New Orleans and Trust Company, a preferred ship's mortgage upon the said defendant vessel, the M/V BAYOU CHENE, dated February 19, 1974. At the time said preferred ship's mortgage was executed, the said defendant vessel was and still is a documented vessel under the laws of the United States.
The said preferred ship's mortgage was duly recorded at the home port of said vessel in the Office of Documentation, Department of Transportation, United States Coast Guard, at the Port of New Orleans, Louisiana, on February 20, 1974, in accordance with the Preferred Ship's Mortgage Act of 1920 and all of the acts and things required to be done by said Act in order to give said mortgage the status of a preferred mortgage were duly done or caused to be done by plaintiff, The Bank of New Orleans and Trust Company, or by the Documentation Officer of the United States Coast Guard at the Port of New Orleans, Louisiana, including the endorsement of said mortgage upon the outstanding document of said vessel.
11. The aforesaid note and mortgages provide that in the event any installment is not paid when due, all remaining installments on the note shall at once mature and become due and payable. The note and mortgages are now in default and are, therefore, due and payable in full.
12. The mortgages on all said vessels aforesaid provide in Section 2.15 that the defendant, Big B Towboat Service, Incorporated, Bayou St. John Corporation, Bayou Terrebonne, Inc., and the Bayou Chene Corporation, were to procure insurance on the vessels, the M/V BAYOU LAFOURCHE, the M/V BAYOU ST. JOHN, the M/V BAYOU TERREBONNE, the M/V BAYOU CHENE, and to continue said insurance in force during the life of the mortgages. The defendants are further in default in respect to said mortgages in that they have allowed the insurance on said vessels to lapse and the plaintiff, pursuant to the terms of said mortgages, has been required to procure insurance on the vessels.
13. In order to enforce its preferred ship's mortgages, plaintiff was required to *1001 bring this action pursuant to the Preferred Ship's Mortgage Act of 1920, Title 46, U.S. Code, Section 911 et seq., and specifically Title 46 U.S. Code, Section 951; that pursuant to said statutes, the United States Marshal for the Eastern District of Missouri seized the vessels, the M/V BAYOU LAFOURCHE, the M/V BAYOU ST. JOHN, the M/V BAYOU TERREBONNE, and the M/V BAYOU CHENE, and plaintiff has been required to pay the United States Marshal for insurance, for service of process and seizure, and for wages for special watchmen, which costs were a necessary part of the ship's mortgage foreclosure proceeding. Subsequent to the seizure the Court appointed Majestic Building and Supply Company, Inc., and Mercantile Financial Corporation, as custodians of said vessels, and plaintiff has been required to maintain said vessels during the pendency seizure and has expended sums therefor. Plaintiff was also required to publish notice of the seizure of the aforesaid vessels in the WATERWAYS JOURNAL, a newspaper of general circulation, and was required to expend funds for said notice of seizure, and plaintiff is entitled to judgment therefor.
14. The aforesaid mortgages further provide that in the event of a default and a foreclosure proceeding thereunder, the plaintiff is entitled to recover its attorneys' fees expended in said proceeding against the defendants.

CONCLUSIONS OF LAW
1. The Court has jurisdiction over the defendants, the M/V BAYOU LAFOURCHE, the M/V BAYOU ST. JOHN, the M/V BAYOU TERREBONNE, and the M/V BAYOU CHENE, by reason of its in rem seizure and presence in this district and the subject matter under its admiralty and maritime jurisdiction pursuant to Title 28 U.S. Code, 1333, Rule 9(h) of the Federal Rules of Civil Procedure. Further, this action is brought pursuant to Title 46, U.S. Code, Section 951, for foreclosure of a preferred ship's mortgage.
2. Plaintiff is entitled to a judgment herein against the defendants, the M/V BAYOU LAFOURCHE, the M/V BAYOU ST. JOHN, the M/V BAYOU TERREBONNE, and the M/V BAYOU CHENE, their engines, boilers, tackle, apparel, furniture, equipment, et cetera, in the sum of $744,991.63. Plaintiff is further entitled to interest until judgment is satisfied herein.
3. Plaintiff is further entitled to all costs of the foreclosure of these vessels pursuant to Title 46 U.S. Code, 951, including the costs of custodia legis. At the time of the distribution of the funds herein, the Court will assess said costs. Plaintiff is further entitled to attorneys' fees herein.
4. The aforestated preferred ship's mortgage on the defendant vessel, the M/V BAYOU LAFOURCHE, Official No. 542365, of Houma, Louisiana, her engines, boilers, tackle, apparel, furniture, equipment, et cetera, given by Big B Towboat Service, Incorporated, dated February 19, 1974, and recorded at the Office of the United States Coast Guard Documentation Office for Houma, Louisiana, on February 25, 1974, is hereby ordered foreclosed and the said vessel is hereby ordered condemned to be sold to satisfy the judgment herein.
5. The aforestated preferred ship's mortgage on the defendant vessel, the M/V BAYOU ST. JOHN, Official No. 548493, of New Orleans, Louisiana, her engines, boilers, tackle, apparel, furniture, equipment, et cetera, given by Bayou St. John Corporation, dated February 19, 1974, and recorded at the Office of the United States Coast Guard Documentation Office for New Orleans, Louisiana, on February 20, 1974, is hereby ordered foreclosed and the said vessel is hereby ordered condemned to be sold to satisfy the judgment herein.
6. The aforestated preferred ship's mortgage on the defendant vessel, the M/V BAYOU TERREBONNE, Official No. 537286, of New Orleans, Louisiana, her engines, boilers, tackle, apparel, furniture, equipment, et cetera, given by Bayou Terrebonne, Inc., dated February 19, 1974, and recorded at the Office of the United States Coast Guard Documentation Office for New *1002 Orleans, Louisiana, on February 20, 1974, is hereby ordered foreclosed and the said vessel is hereby ordered condemned to be sold to satisfy the judgment herein.
7. The aforestated preferred ship's mortgage on the defendant vessel, the M/V BAYOU CHENE, Official No. 554701, of New Orleans, Louisiana, her engines, boilers, tackle, apparel, furniture, equipment, et cetera, given by Bayou Chene Corporation, dated February 19, 1974, and recorded at the Office of the United States Coast Guard Documentation Office for New Orleans, Louisiana, on February 20, 1974, is hereby ordered foreclosed and the said vessel is hereby ordered condemned to be sold to satisfy the judgment herein.
8. Plaintiff is entitled by law to recover from the said defendants, Big B Towboat Service, Incorporated, Bayou St. John Corporation, Bayou Terrebonne, Inc., and the Bayou Chene Corporation, individually, severally and jointly, any deficiency remaining after the proceeds of the sale of the vessels, the M/V BAYOU LAFOURCHE, the M/V BAYOU ST. JOHN, the M/V BAYOU TERREBONNE, and the M/V BAYOU CHENE, have been distributed and is entitled to its court costs herein to be taxed.
9. The M/V BAYOU LAFOURCHE, the M/V BAYOU ST. JOHN, the M/V BAYOU TERREBONNE, and the M/V BAYOU CHENE are hereby ordered to be sold by the United States Marshal to satisfy the judgment entered herein pursuant to the Order of Sale entered this 29 day of April, 1977.
SO ORDERED.